# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 19-60336
Summary Calendar

Yanhong Li,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 656 946

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Yanhong Li, a native and citizen of China, petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ) denying, based on an adverse credibility determination, Li's application for asylum, withholding of removal, and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

protection under the Convention Against Torture. Li claims that, in reaching such a determination, the IJ and BIA misconstrued the record concerning: the dates surrounding her second China-mandated abortion; her misrepresentations to the Government; and her attendance at family planning examinations between 2000 and 2013.

We review the BIA's decision and will consider the IJ's underlying decision only if it influenced the determination of the BIA. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). When, as here, the BIA affirms the decision of the IJ and relies on reasoning provided in the IJ's decision, we review both decisions. *See Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007).

Questions of law are reviewed *de novo*. *Ontunez-Tursios*, 303 F.3d at 348. Further, the BIA's factual findings, including credibility determinations, are reviewed under the substantial-evidence test, meaning that we may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

Additionally, as in this instance, for claims for asylum and withholding of removal, the BIA or "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible". *Id.* at 538 (internal quotation marks, citation, and emphasis omitted). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling". *Id.* (internal quotation marks and citation omitted). To otherwise obtain relief, Li must show, at least, that "any reasonable adjudicator would be compelled" to find that her testimony is credible. 8 U.S.C. § 1252(b)(4)(B).

No. 19-60336

The BIA found that Li provided conflicting facts at her asylum interview and in her hearing testimony. Li conceded she provided conflicting statements in her hearing testimony and at her asylum interview regarding her misleading the Government about providing fraudulent documents when she applied for a visa. Further, she provided conflicting answers on whether she attended mandated gynecological examinations between 2000 and 2013. When asked whether she understood the interpreter present at the hearing, she testified she did.

Based on the record, and under the totality of the circumstances, Li has not shown that no reasonable factfinder could make an adverse credibility ruling against her. *See Wang*, 569 F.3d at 538. Nor has she shown that "any reasonable adjudicator would be compelled" to find her testimony credible. § 1252(b)(4)(B).

DENIED.